Michael W. Carruth, Bar No. 249263
Mark J. Goldsmith, Bar No. 244339
KLINEDINST PC
777 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
mcarruth@klinedinstlaw.com
mgoldsmith@klinedinstlaw.com

Attorneys for Defendant
PIER 1 IMPORTS (U.S.), INC.

David R. Olan (SBN 144634)
**OLAN LAW CORPORATION**
212 Marine Street, Suite 100
Santa Monica, California 90405
Telephone: (310) 566-0010
Facsimile: (310) 566-0017

Attorney for Plaintiff
Sabrina DeLa Cruz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA DELA CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PIER 1 IMPORTS (U.S.), INC., a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No.   2:16-cv-08716-DSF-PJW<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference Date: March 6, 2017<br>Scheduling Conference Time: 11:00 a.m.<br><br>Trial Date:　　None set |

　　　　Defendant Pier 1 Imports (U.S.), Inc. ("Pier 1") and Plaintiff Sabrina DeLa Cruz submit the following Joint Rule 26(f) report in advance of the deadline set at the Scheduling Conference held on February 27, 2017.  This report is submitted

jointly, as counsel for Plaintiff and counsel for Defendant met and conferred on February 28, 2017 pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.

### I. Statement of the Case

In April 2013, Plaintiff purchased a large glass candleholder from Pier 1. In April 2015, Plaintiff lifted the glass candleholder from the metal base to clean the glass. While carrying the candleholder, the bottom of the glass broke, and Plaintiff was cut on her right ring and pinky fingers. The ring finger did not require stiches; the pinky finger required six stitches. Based on these allegations, Plaintiff has asserted four causes of action: strict products liability, negligent products liability, breach of implied and express warranties and negligence per se.

Defendant does not presently intend to pursue counterclaims or cross-claims, but Pier 1 reserves its right to do so following Plaintiff's expected service of her initial disclosures. Defendant reserves its right to plead and prove that Plaintiff was the cause, in whole or in part, of the incident via her misuse or alteration of the candleholder. Furthermore, Defendant is informed and believes that Plaintiff did not maintain the product at issue since the incident, which would deprive Pier 1 the opportunity to examine the candleholder to determine the cause of the alleged break. Based upon the information presently available to it, Pier 1 has asserted in its answer the main affirmative defenses (among others) of: contributory negligence, mitigation, spoliation of evidence, misuse, alteration, and sophisticated user.

### A. Subject Matter Jurisdiction

The instant action was removed to this Court in November 2016, based upon diversity jurisdiction. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which has been removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy as

1 alleged by Plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

2 Complete diversity of citizenship exists. Plaintiff is a citizen of the State of
3 California. Pier 1 was and is a corporation incorporated under the laws of the State
4 of Delaware, has its principal place of business in the State of Texas, and is the
5 only defendant that has been served with summons and complaint in this action.

6 Venue is appropriate before this Court pursuant to 28 U.S.C. § 1446(a) in
7 that the removed action was filed in the Superior Court, State of California, County
8 of Los Angeles, Stanley Mosk Courthouse.

9     **B.**     **Legal Issues**

10 Each of Plaintiff's claims for relief is based generally upon the claim that the
11 glass candleholder broke – thereby causing her injuries – due to the defective
12 manufacture or design of the product.

13 Based upon the information made available to Pier 1, Defendant expects that
14 its legal defenses will center on Plaintiff's misuse of the product, Defendant's lack
15 of a duty to warn of or inspect the product, and the absence of an express warranty.
16 Furthermore, Pier 1 has reason to believe that the product at issue was not secured
17 or maintained by Plaintiff. To the extent this information is accurate; Plaintiff
18 intends to assert a spoliation of evidence defense.

19     **C.**     **Parties, Evidence, Etc.**

20         **1.**     **Parties.**

21             **a.**     Plaintiff Sabrina Dela Cruz.

22             **b.**     Defendant Pier 1 Imports (U.S.), Inc.

23             **c.**     [Proposed] Defendant Pier 1 Imports (Culver City), a
24                   business entity form unknown.

25 Plaintiff recently filed a Motion for Leave to File First Amended Complaint
26 (Document No. 9). Although that motion was stricken for technical and procedural
27 deficiencies (Document No. 10), the motion has since been refiled (Document No.
28 11). Notably, the proposed defendant does not exist; "Pier 1 Imports (Culver

- 3 -

1   City)" is not an entity. Defendant filed an opposition, (Document No. 15), as the
2   store is operated by the already-named defendant, i.e., Pier 1 Imports (U.S.), Inc.

   **2.     Percipient Witnesses.**
       **a.**     Plaintiff Sabrina Dela Cruz.
       **b.**     Plaintiff's medical providers.
           i.     Neyda Brodnansky, FNP.
           ii.    John Knight, MD.
           iii.   Brian Spencer.
           iv.    Paul Gerstenfeld.
           v.     Angela Chung.

   **3.     Key Documents.**
       **a.**     Plaintiff's medical records pertaining to her injury and recovery.

### D.  Damages

Special damages for past medical treatment to date total $9,827.46. Plaintiff will be providing additional information to allow Defendant to evaluate a range of provable damages.

### E.  Insurance

Defendant is being defended pursuant to an insurance policy; there is no reservation of rights.

### F.  Motions

As stated above, Plaintiff recently filed a Motion for Leave to File First Amended Complaint (Document No. 9). That motion was stricken for technical and procedural deficiencies (Document No. 10), and it has since been refiled (Document No. 11). Pier 1 has opposed this motion (Document No. 15).

### G.  Manuel for Complex Litigation

The procedures of the Manuel for Complex Litigation should not be utilized.

### H.  Status of Discovery

Immediately prior to the removal of this action from the California Superior Court, Plaintiff served upon Pier 1 form interrogatories, special interrogatories, and requests for production of documents. Per agreement between counsel, Pier 1 served verified responses to these discovery requests and produced responsive documents. Such responses and production were made with the understanding that they satisfied Pier 1's initial disclosure obligation.

Plaintiff has served her initial disclosures as of March 2, 2017.

Pier 1 has provided Plaintiff with and Plaintiff has signed a proposed Stipulated Protective Order, to protect the confidentiality of Pier 1's trade secrets and other protected information, to the extent any such documents are required for production as discovery progresses.

### I. Discovery Plan

#### 1. Defendant's Anticipated Depositions.

    **a.** Plaintiff Sabrina Dela Cruz.

Defendant anticipates taking Plaintiff's deposition early in the discovery process.

    **b.** <u>Plaintiff's medical providers.</u>

        i. Neyda Brodnansky, FNP.
        ii. John Knight, MD.
        iii. Brian Spencer.
        iv. Paul Gerstenfeld.
        v. Angela Chung.

To the extent that Plaintiff subsequently identifies additional treating medical professionals, Defendant will require those depositions as well. Pier 1 expects to take the depositions of the five above-listed witnesses after Plaintiff's deposition is completed. The anticipated completion dates for such depositions are contingent upon Plaintiff's deposition, Plaintiff's initial disclosures, and Plaintiff's document production.

### 2. Plaintiff's Anticipated Depositions.

Defendant Pier 1's Person Most Knowledgeable.

Plaintiff anticipates taking Defendant's deposition after the deposition of Plaintiff has been conducted.

To the extent that Plaintiff subsequently identifies additional persons with knowledge of the design and potential defects of the product in question, Plaintiff will require those depositions as well.

### 3. Defendant's Anticipated Written Discovery Requests.

Assuming that Plaintiff makes her initial disclosures pursuant to Rule 26, and to the extent the following documents are not provided with those disclosures, Defendant will demand the production of: all documents related to her purchase of the subject candleholder; all packaging of and enclosures that accompanied the subject candleholder; all medical records related to the treatment of and recovery from the injuries allegedly resulting from the subject incident; and any subject-candleholder advertisements that Plaintiff read or upon which Plaintiff relied. Pier 1 anticipates minimal written discovery to follow Plaintiff's initial disclosures, document production, and deposition.

Pier 1 will also demand access to and an inspection of the subject candleholder itself, if the original product has been maintained by Plaintiff.

### 4. Plaintiff's Anticipated Written Discovery Requests

Plaintiff has already propounded Form Interrogatories, Request for Production of Documents, and Special Interrogatories. Plaintiff anticipates propounding an additional set of Special Interrogatories, in addition to Request for Admissions.

### 5. Schedule for Completion of Discovery.

Both parties expect that discovery can be completed within approximately nine months of Plaintiff's initial disclosures and document production.

      **a.**    Defendant expects that Plaintiff's deposition can be completed within 30-60 days of Plaintiff's complete initial disclosures and document production.

      **b.**    Plaintiff expects that Defendant's deposition can be completed within 30-60 days of after the deposition of Plaintiff.

      **c.**    Defendant expects that the depositions of the five above-listed medical providers can be completed within 60-90 days of the completion of Plaintiff's deposition.

      **d.**    Pier 1 expects that additional depositions will be required, but without Plaintiff's initial disclosures, Pier 1 is unaware of the identities of further potential witnesses.

      **e.**    Plaintiff expects at least one additional deposition will be required after the completion of Pier 1's Person Most Knowledgeable.

      **f.**    Pier 1 expects that Defendant's written discovery can be completed within 60 days of the completion of percipient depositions.

      **g.**    Plaintiff expects that Plaintiff's written discovery can be completed within 60 days of the completion of all of Defendant's depositions.

**6.    Scope of Discovery.**

Defendant requests that the Court order that discovery be specifically limited to the particular candleholder purchased by Plaintiff. Discovery should not be expanded to include inquiries as to other products sold by Pier 1 to other customers.

Plaintiff requests that the Court allow discovery into any relevant product sold by Pier 1 to other customers or to the general public as a whole.

**J.  Discovery Cut-Off**

The parties propose a discovery cutoff date of December 4, 2017.

**K.  Expert Discovery**

The parties propose the following dates re expert discovery:

  **1.**  Initial Disclosures:  September 18, 2017.

  **2.**  Rebuttal Disclosures:  October 23, 2017.

  **3.**  Expert Discovery Cut-Off:  January 16, 2018.

**L.  Dispositive Motions**

At this time, Pier 1 does not have sufficient information to know whether it has grounds for or will bring a dispositive motion in this action.

**M.  Settlement / Alternative Dispute Resolution (ADR)**

In April 2016, Plaintiff made a pre-litigation settlement demand; and in May 2016, Defendant countered with its pre-litigation settlement offer.  Although counsel for the parties have since discussed the initial demand and initial offer, further figures have not been exchanged.

Counsel has received a Notice to Parties of Court-Directed ADR Program (Document No. 5), and in December 2016, the parties informally agreed to participate in private mediation following the completion of Plaintiff's deposition.

**N.  Trial Estimate**

Both parties estimate that trial will require four court days.  Trial will be by jury.  Defendant contemplates that it will call eight witnesses to testify at trial. Plaintiff contemplates that it will call 10 witnesses to testify at trial.

**O.  Trial Counsel**

Mark Goldsmith will try the case for Pier 1.

David Olan will try the case for Sabrina Dela Cruz

**P.  Independent Expert or Master**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**Q. Timetable**

See Exhibit A, attached hereto.

**R. Other Issues**

The parties are not presently aware of additional issues that have not been addressed above.

KLINEDINST PC

DATED: March 2, 2017    By: /s/ Mark J. Goldsmith
                              Michael W. Carruth
                              Mark J. Goldsmith
                              Attorneys for Defendant
                              PIER 1 IMPORTS (U.S.), INC.

DATED: March 3, 2017    OLAN LAW

                        BY: _____
                              DAVID R. OLAN
                              Attorney for Plaintiff
                              SABRINA DELA CRUZ